15-1432-cr
United States v. Williams

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of February, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

             v.                                              15-1432-cr

JOMO WILLIAMS,

                    *Defendant-Appellant.*[1]

_____

Appearing for Appellant:     Robin Christine Smith, San Rafael, CA.

Appearing for Appellee:      Margaret Garnett, Assistant United States Attorney,
                             (Michael D. Maimin, Kan M. Nawaday, Assistant United States
                             Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney
                             for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Jomo Williams appeals from the April 28, 2015, judgment of conviction in the United States District Court for the Southern District of New York (Torres, *J.*) following an eight-day jury trial. On appeal, Williams principally argues the district court abused its discretion when it precluded Williams from admitting the entirety of government witness Joseph Rosario's videotaped statement of an interview with an Assistant District Attorney. After oral argument, Williams moved to file a supplemental brief and to stay his appeal while this Court decided *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), and *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018), which respectively considered whether Hobbs Act robbery and conspiracy to commit Hobbs Act robbery were crimes of violence. We granted Williams's motion to file a supplemental brief and to stay the appeal pending *Hill* and *Barrett*. After *Hill* and *Barrett* were decided, Williams again moved to hold the appeal in abeyance pending the Supreme Court's decision on a petition for writ of certiorari in *Hill*, which we granted. That petition for certiorari having been denied, we now decide the appeal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The government's second superseding indictment, filed on February 11, 2014, charged Williams with, among other things, Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2, and the October 11, 2006, murder of D'Angelo Jordan through the use of a firearm in connection with the robbery, in violation of 18 U.S.C. §§ 924(c) and 924(j)(1) and (2). Five days after the murder, Williams was arrested in connection with a separate attempted robbery of a drug dealer. He was arrested after fleeing the scene in a taxi cab driven by cooperating witness Joseph Rosario. That same day, on October 16, 2006, Rosario voluntarily gave a videotaped statement to a Bronx County Assistant District Attorney. In his statement, Rosario stated, among other things, that he had never met Williams before October 16, 2006. In his subsequent testimony at trial, however, Rosario contradicted several statements that he made in his videotaped statement, including by testifying that he had driven Williams to the scene of the Jordan murder on October 11, 2006, waited while Williams and two other men entered a building, heard several gunshots, and then saw Williams "rushing" out the building and back to Rosario's vehicle. In response to questions by the prosecution, Rosario admitted that he did not tell the truth at several points during his videotaped statement, acknowledging, among other things, that he had in fact previously met Williams before October 16.

Before trial, Williams sought permission from the district court to admit the videotaped statement into evidence in its entirety. The government opposed the motion, arguing that extrinsic evidence of Rosario's prior inconsistent statements was inadmissible because the government expected Rosario to admit at trial that he had made the prior inconsistent statements. The district court ruled that, if Rosario did admit that he made the prior inconsistent statements, the videotaped statement would be inadmissible as further evidence to impeach Rosario's testimony. Only if Rosario denied making the statements, the district court ruled, would the video statement be admissible, and even then, only "to the extent of the specific questions and answers that are relevant to the inconsistent statements." Tr. at 8. After Rosario had finished his testimony, but before the government had rested, the government informed the court about a

Second Circuit case, *United States v. Strother*, 49 F.3d 869 (2d Cir. 1995). In *Strother*, this Court indicated that "[e]xtrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's acknowledgement of inconsistencies in a prior statement." 49 F.3d at 876. Although the government claimed *Strother* was "distinguishable" from this case, it informed the court that "in the interest of caution and justice, . . . [it] withdr[ew] its objection to the introduction of the portions of the Video Statement that constitute prior inconsistent statements." App'x at 200. "[I]n light of the government's submission," the district court "permit[ted] the playing of the videotape[,] although [it] d[id] not believe that it [was] necessary." Tr. at 601. Williams then introduced the portions of the videotape that were inconsistent with Rosario's trial testimony. The district court denied Williams's renewed request to play the entire twenty-minute videotaped statement, including portions consistent with Rosario's trial testimony.

After Williams was convicted, he filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that he had been denied a fair trial because (1) the entire videotaped statement was relevant and (2) the portions of the videotaped statement that *were* admitted were admitted "too late." App'x at 75-79. Williams alleged that the entire videotaped statement would have provided the jury with the ability to assess Rosario's "demeanor" and whether Rosario had any non-verbal "tells"—exhibited when Rosario was telling the truth or was lying—which the jury could use to assess the credibility of Rosario's trial testimony. The district court assessed whether the evidence was admissible under Rule 403 of the Federal Rules of Evidence. First, the district court determined that the probative value of the evidence was "very low" as there was "nothing remarkable about Rosario's body language or demeanor in the Video Statement that would have allowed the jury to meaningfully compare it with his body language or demeanor at trial." App'x at 162. Next, the district court found that "[p]laying the entire Video Statement would have confused the issues, been needlessly cumulative, and wasted the jury and this Court's time." App'x at 163.

This Court reviews a trial court's evidentiary rulings for abuse of discretion. *United States v. Persico*, 645 F.3d 85, 99 (2d Cir. 2011). Rule 403 provides that a trial court may exclude relevant evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Deference to the district court "is of particular importance with regard to evidentiary rulings under Rule 403 because a district court is obviously in the best position to do the balancing mandated by Rule 403." *United States v. Contorinis*, 692 F.3d 136, 144 (2d Cir. 2012) (internal quotation marks and alterations omitted). This Court will not overturn an evidentiary ruling unless it is "persuaded that the trial judge ruled in an arbitrary and irrational fashion." *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001) (internal quotation marks omitted).

We conclude the district court did not abuse its discretion. The portions of Rosario's videotaped statement that were consistent with his trial testimony would have been of marginal use to the jury. In any event, "Rosario's body language and demeanor were apparent to the jury when he testified at trial." App'x at 163. Indeed, Williams argued in his summation that Rosario's demeanor in the portions of the videotaped statement that were admitted was the "same demeanor when [Rosario] came here and testified." Tr. at 740-41. Given the district court's thorough and thoughtful decision, we cannot say the district court abused the broad

3

discretion it is afforded when weighing the competing interests involved in a Rule 403 analysis.[2] *See United States v. Robinson,* 560 F.2d 507, 515 (2d Cir. 1977).

Even if the exclusion of the entire videotaped statement was error, we would have no difficulty finding that the exclusion was harmless. "Reversal is necessary only if the error had a substantial and injurious effect or influence in determining the jury's verdict." *United States v. Dukagjini*, 326 F.3d 45, 61-62 (2d Cir. 2003) (internal quotation marks omitted). Given the significant other evidence in this case, we conclude that the entire videotaped statement was "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (internal quotation marks omitted).

After oral argument, Williams filed a supplemental brief in which he argued that his convictions under 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j) cannot stand because Hobbs Act robbery is not categorically a crime of violence. Section 924(c) enhances the sentence of a defendant who uses a firearm in commission of a "crime of violence," and section 924(j)(1) likewise enhances the sentence of a defendant who, in the course of committing a "crime of violence," commits murder. 18 U.S.C. § 924(c); *id.* § 924(j)(1). Both provisions define a "crime of violence" as a felony that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). The two clauses are commonly referred to as the "force clause" and "risk-of-force clause," respectively.

Williams argues in his supplemental brief that Hobbs Act robbery is not a crime of violence because the risk-of-force clause, 18 U.S.C. § 924(c)(3)(B), is void for vagueness and because Hobbs Act robbery does not require the use of physical force required by 18 U.S.C. § 924(c)(3)(A). In *United States v. Hill*, we held "that Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person or property of another" and thus was a crime of violence, as defined in section 924(c)(3), as a matter of law. 890 F.3d at 60 (internal quotation marks omitted). Williams was convicted under Section 924(j)(1) for committing murder with the use of a firearm when he committed Hobbs Act robbery in connection with a marijuana-distribution conspiracy. Because under *Hill*, Williams's conviction

---

[2] The government argued in the district court—and also argues on appeal—that the entire videotaped statement was inadmissible under Rule 608 of the Federal Rules of Evidence, for the purpose Williams posited, asserting that Rosario's "demeanor" and body language in the videotaped statement is "clearly a collateral matter, which cannot be proved up by extrinsic evidence." App'x at 206, 208-10. The district court determined that Rule 608 was not "precisely on point" because Williams was not seeking "to use the extrinsic evidence to attack or support Rosario's character for truthfulness; rather, he sought to use it to highlight Rosario's demeanor or body language when lying and/or when being truthful." App'x at 160-61. We decline to reach the question of whether the entire videotaped statement would or would not be admissible under Rule 608. Because we conclude the district court did not abuse its discretion in excluding the evidence based on Rule 403, we need not opine on the admissibility of that same evidence under Rule 608.

4

of Hobbs Act robbery necessarily was a conviction of a crime of violence, Williams's convictions under 18 U.S.C. § 924(c) and § 924(j) are affirmed.

We have considered the remainder of Williams's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk